[No. 1695.]

### George Tisdale v. The State.

Accomplice Testimony, unless corroborated by other evidence in the case tending to connect the accused with the offense committed, will not support a conviction.

Appeal from the County Court of Freestone. Tried below before the Hon. O. C. Kirven, County Judge.

This is the companion case to the preceding one of *Harrison* v. *The State*, the conviction being for the same offense — horse racing on a public road — and the penalty being the same. It was based on the same evidence.

No brief for appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. Each of the State's witnesses who testified that the defendant had participated in the horse racing on a public road, had engaged in the same offense, and were, therefore, accomplices therein. Their testimony, in so far as it implicated the defendant in the commission of the offense, was uncorroborated. On the contrary, it was contradicted by the other evidence in the case. Testimony of accomplices, uncorroborated, will not sustain a conviction. (Code Crim. Proc., art. 741; *Powell* v. *The State,* 15 Texas Ct. App., 441; *Dunn* v. *The State,* Id., 560.)

Other objections to the conviction presented in the record are, we think, untenable. Because the judgment is not supported by such evidence as the law demands, the same is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered January 28, 1885.]